IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JESUS MARTINEZ RODRIGUEZ**

    **Plaintiff,**

-vs-                                            Case No.:

**COEI, LLC, a Florida**
**Limited Liability Company,**

    **Defendant.**
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

Plaintiff, JESUS MARTINEZ RODRIGUEZ, by and through undersigned counsel, files suit against the Defendant, COEI, LLC, a Florida Limited Liability Company, ("Defendant"), for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## JURISDICTION & VENUE

1. Defendant, COEI, LLC, is a Florida limited liability company that operated and conducted business at all times material to this action in Melbourne, Florida and Palm Bay Florida (Brevard County) and is therefore, within the jurisdiction of this Court.

2. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA. This Court also has jurisdiction under 28 U.S.C. §§ 1331. Venue is proper under 28 U.S.C. § 1391. These claims arise under the laws of the United States.

3. The venue of this Court over this controversy is proper based upon the claim arising in Brevard County, Florida.

## PARTIES

4. Plaintiff, JESUS MARTINEZ RODRIGUEZ, was an employee of the Defendant within the last three (3) years for Defendant in Melbourne, Florida and Palm Bay Florida (Brevard County).

5. Defendant, COEI, LLC, is a private company which provides delivery of goods, and other services.

## FACTUAL ALLEGATIONS

6. Plaintiff was an "Delivery Driver" and performed related activities for Defendant in Melbourne, Florida and Palm Bay Florida (Brevard County).

7. Plaintiff worked for Defendant from approximately February 1, 2018 to February 26, 2019.

8. In this capacity, Plaintiff earned a regular rate of pay of $105.00 per day from February 1, 2018 to February 26, 2019.

9. During Plaintiff's employment, Plaintiff worked in excess of forty (40) per work week during one or more work weeks.

10. Specifically, Plaintiff would work approximately forty-two (42) hours per week.

11. However, Plaintiff was not paid overtime compensation of one and a one-half times his regular rate of pay per hour for overtime hours worked.

12. As a result, Plaintiff should have received compensation at time and one-half his regular rate of pay for all hours worked beyond the forty (40) hours per week.

13. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendant.

14. Defendant's failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

## COVERAGE

15. At all material times relevant to this action (2018-2019), Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

16. At all material times relevant to this action (2018-2019), Defendant made gross earnings of at least $500,000 annually.

17. At all material times relevant to this action (2018-2019), Defendant accepted payments from customers based on credit cards issued by out of state banks.

18. At all material times relevant to this action (2018-2019), Defendant routinely ordered materials or supplies from out of state.

19. At all material times relevant to this action (2018-2019), Defendant had two (2) or more employees, including Plaintiff, engaged in interstate commerce, handling or otherwise working on materials that have been moved in or produced for interstate commerce.

20. At all material times relevant to this action (2018-2019), Defendant used U.S. mail to send and receive letters to and from other states.

21. At all material times relevant to this action moved vehicles through interstate highways, which resulted in interstate commerce

22. At all times relevant to this action (2018-2019), Defendant failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendant for which no provisions were made by Defendant to properly pay Plaintiff for those hours worked in excess of forty (40) within a work week.

## **COUNT I - RECOVERY OF OVERTIME COMPENSATION**

23. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 22 above.

24. Plaintiff is/was entitled to be paid time and one-half his regular rate of pay for each hour worked in excess of forty (40) per work week.

25. During his employment with Defendant, Plaintiff regularly worked overtime hours but was not paid time and one-half compensation for the same.

26. As a result of Defendant's intentional, willful, and unlawful acts in refusing to pay Plaintiff, time and one half his regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks, Plaintiff has suffered damages plus incurring reasonable attorneys' fees and costs.

27. As a result of Defendant's willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

28. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by him for which Defendant did not properly compensate him, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## **DEMAND FOR JURY TRIAL**

29. Plaintiff demands a jury trial on all issues so triable against Defendant.

## **RELIEF REQUESTED**

Plaintiff respectfully requests:

i. That the Court declare that Defendant violated the aforementioned causes of action;

ii. A jury trial and entry of judgment in Plaintiff's favor;

iii. Back overtime pay;

iv. Liquidated damages;

v. Attorney's fees and expenses;

vi. Prejudgment interests, and, if applicable, post-judgment interest; and

vii. Any such other and further permanent injunctive, declaratory, legal or equitable relief in any combination to which he may be entitled.

Dated this 22nd day of July, 2019

Respectfully submitted by,

*s/ Bobby A. Lean, Jr.*
Bobby A. Lean, Jr., Esq.
FBN 118769
Carlos V. Leach, Esq.
FBN 0540021
The Leach Firm, P.A.
1950 Lee Rd., Suite 213
Winter Park, FL 32789
Telephone: (407) 574-4999
Facsimile: (833) 423-5864
Email:  blean@theleachfirm.com
Email:  yhernandez@theleachfirm.com

***Attorneys for Plaintiff***