**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| JESUS MARTINEZ RODRIGUEZ,<br><br>    PLAINTIFF,<br><br>v.<br><br>COEI, LLC, a Florida<br>Limited Liability Company,<br><br>    DEFENDANT. | CASE NO.: 6:19-cv-01340-CEM-GJK |

### RESPONSE OF COEI, LLC TO THE ORDER OF JANUARY 10, 2020

On January 10, 2020, the Court rendered an Order [Doc. 22] expressing concerns about two provisions in the parties' proposed settlement of Plaintiff's FLSA claims [Doc. 21-1]. First, the Court generally questioned the reasonableness and probity of releasing non-parties not identified on any Certificate of Interested Persons as part of the FLSA release in Paragraph 5. Second, the Court expressed concern that Paragraph 6 would be construed as an estoppel intended to provide a broader release than expressed in Paragraph 6, inquiring whether that was COEI's intent.

In brief, COEI submits that, first, the release of non-parties for the FLSA claims in Paragraph 5 is reasonable and can be approved under existing law of the Middle District of Florida. Second, the intent of Paragraph 6 was not intended to provide a release, but rather, act as a disclosure. Still, the provision is not integral to the Agreement and can be removed. A more detailed response to each concern is set forth below. COEI respectfully submits that the Joint Motion should be granted and the settlement agreement approved.

1

**1.     This Court Should Approve the Release of Non-Parties Because the Release is Limited to the Claims Raised in the Complaint.**

It is reasonable and appropriate to include non-parties in settlement releases based on the law, the Middle District's policy, and other important considerations.

**A. Background Law Regarding FLSA Liability.**

It is worth observing the following precedential points regarding FLSA liability:

- The FLSA defines "employer" quite broadly:

   ***"Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee*** and includes a public agency but does not include any labor organization (other than when acting as an employer) or anyone acting in the capacity of officer or agent of such labor organization.

   29 U.S.C. § 203(d) (emphasis added).

- This broad definition exists because the FLSA was designed to impose liability on ***anyone*** who controls a business's financial affairs and causes the business to improperly pay employees. *See Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1313 (11th Cir. 2013).

- Because of this broad scope, all entities or individuals who are the "employer" of an "employee" are ***jointly and severally liable*** for unpaid wages or overtime. *See id.* at 1314 (relying on *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 1150, 1160 (11th Cir. 2008)); *see also Kendrick v. Eagle Int'l Group, LLC*, Civ. No. 08-80909, 2009 WL 3855227, at *3 (S.D. Fla. Nov. 17, 2009) (unreported) (citing *Falk v. Brennan*, 414 U.S. 190, 195 (1973)) (observing that an FLSA plaintiff may seek relief from multiple employers, as the statute "contemplates that there may be several simultaneous employers who are responsible for compliance with the FLSA.").

- Under joint and several liability, "[i]f two or more defendants jointly cause harm, each defendant is held liable for the entire amount of the harm; provided, however, that the plaintiff recover only once for the full amount." *Honeycutt v. U.S.*, --- U.S. ---, 137 S. Ct. 1626, 1631 (2017) (citing Rest. (2d) Torts § 875 (1977)).

On that later point, this Honorable Court has recommended a default judgment be issued against a business and its owner may be held jointly and severally liable in an FLSA lawsuit. *See Davis v. D&G Erectors Corp.*, 2019 WL 3383547, at *5 (M.D. Fla. May 29, 2019) (Smith, M.J.).

**B. Applicable Case Law Supports the Non-Party Release Here.**

When a release contained in a settlement agreement is limited to wage claims, courts in the Middle District have approved the release even when the FLSA plaintiff releases non-parties. *See e.g. Bachmann v. Hartford Fire Insurance Co.*, 6:16-cv-1603-Orl-37LRH, 2019 WL 1435989 (M.D. Fla. Mar. 29, 2019) (Dalton, J.) (adopting *Dearth v. Hartford Fire Insurance Co.*, 6:16-cv-1603-Orl-37LRH, 2019 WL 1417323, at *4 (M.D. Fla. Mar. 28, 2019) (recommending approval of FLSA release extending to Defendants' "parents, predecessors, subsidiaries, affiliates, and their past and present directors, officers, shareholders, members, employees, agents, insurers and attorneys"); *Marte v. Gizmo Orlando, Inc.*, 6:18-cv-596-Orl-37KRS, 2018 WL 3084007, at *1 (M.D. Fla. June 22, 2018); *Dumas v. 1 Able Realty, LLC*, No. 6:17-cv-765-Orl-37KRS, 2018 WL 1791535, at *1 (M.D. Fla. Apr. 16, 2018); *Monserrate v. Hartford Fire Ins. Co.*, No. 6:14-cv-149-Orl-37GJK, 2016 WL 5847123, at *2 (M.D. Fla. Oct. 6, 2016). [1]

COEI would respectfully submit that, to the extent there is an established policy prohibiting release of non-parties, that policy only applies to instances where the non-parties receive broad releases. *Compare id. with Arguelles v. Noor Baig, Inc.*, 6:16-cv-2024-Orl-27TBS, 2017 U.S. Dist. LEXIS 26024[1] (M.D. Fla. Feb. 24, 2017) (unpublished) (Dalton, J.) (rejecting general release while also expressing some skepticism about whether non-parties could be part of an FLSA limited release). That policy is not violated here because the release in Paragraph 5 limits itself to wage claims. *See Bachmann*, 2019 WL 1435989 (adopting recommendation that released non-parties in a limited release of FLSA claims).

---

[1] Counsel regrets being unable to provide a parallel Westlaw citation to confirm with the other citations in this brief.

3

### C. Additional Considerations Support the Non-Party Release Here.

Moreover, there is a factual basis explaining why COEI seeks a release of related non-party FLSA "employers" in this matter. As noted in earlier filings and disclosed to opposing counsel, Plaintiff previously executed a *Receipt for Payment of Back Wages, Liquidated Damages, Employment Benefits, or Other Compensation* that the DOL oversaw—a copy of which is attached as Exhibit "1." This Department of Labor resolution involved some of the very same claims brought in this Complaint. If this matter proceeded to trial, COEI submits that it would establish that Plaintiff received full compensation from another FLSA "employer" for any FLSA claims occurring on or before October 2018 for which he asserts COEI is also liable, which the DOL oversaw. Because of past conduct, COEI's owners, operators, and other interested parties have a reasonable fear that Plaintiff might decide to file another lawsuit for the ostensibly settled FLSA claims if the Settlement Agreement was limited to COEI as the named defendant.

Although not dispositive in this instance, COEI submits that a policy prohibiting a plaintiff—represented by competent counsel—to provide a limited release to non-parties, like owners, is unsound. COEI again acknowledges the concerns courts have expressed that employers might unfairly parley an FLSA lawsuit into a windfall through a general release. At the same time, employees should not be incentivized to churn frivolous or marginal claims into repeated settlements because the economies of such litigation do not favor defendants who are jointly and severally liable.

Individual defendants who are not named in a lawsuit—such as business owners—would arguably be subject to future lawsuits as joint and severally liable employers. In any subsequent litigation, the individual defendants would invariably seek to apply estoppel principals. But, an

4

FLSA settlement must—based on Eleventh Circuit case law—be a compromise of a disputed claim. Under such precedence, a plaintiff could (and likely would) argue that a full resolution did not happen in the prior case; and therefore, the plaintiff is entitled to full redress and can maintain the action. Failing to afford such individuals—the individuals who are ultimately paying a settlement—a release invites a multiplicity of lawsuits for the exact same matters, potentially disincentivizing settlements.

In light of the foregoing considerations, COEI submits that it is reasonable and appropriate to release non-parties in this matter.

### D. Alternative Release Language for the Court's Consideration.

If, however, the Court remains of the opinion that the release language in Paragraph 5 is too broad to be extended to non-parties, then COEI proposes the following alternative language to make clear that COEI and the related non-parties only receive a release from the wage claims:

> In return for the various promises included in this document, Plaintiff releases and fully discharges Defendant, COEI, LLC, and any of its parents, predecessors, subsidiaries, affiliates, and their past and present directors, officers, shareholders, members, employees, agents, insurers, and attorneys both individually and in their capacities as directors, officers, shareholders, members, employees, agents, insurers, and attorneys (the "Released Parties") from all claims brought in the Lawsuit, including any claims for unpaid compensation, liquidated damages, interest, attorney's fees, or litigation expenses associated with the Lawsuit.[2]

If the Court determines this alternative language is acceptable, the Parties will revise the Settlement Agreement accordingly.

**2.    Because the Paragraph 6 Acknowledgment is Not Integral, This Court Should Approve the Release After It is Removed.**

As noted above, the intent behind Paragraph 6 ("No Unreported Claims") was not to create an estoppel affording broader protection than the release. COEI is cognizant that courts in the Middle District often disapprove settlement agreements containing broad general releases;

---

[2]    This language is based on the language approved in *Dearth*, 2019 WL 1417323 at *4.

5

hence, it did not seek such a release. [See Doc. 21, at pp. 7-8]. The intent behind the provision was to simply obtain a disclosure of potential claims Plaintiff was aware of. Nonetheless, the provision would not be considered integral to the Settlement Agreement. [Doc. 21-1, at Paragraph 17 ("Severability") (providing that any provision other than 1-5 are severable)]. Paragraph 6 may be removed by operation of the Severability provision in Paragraph 17.

## CONCLUSION

In sum, it is reasonable and appropriate to release non-parties through Paragraph 5. The release is not an overly broad general release of any and all claims but is limited to wage claims. There is a factual basis for including non-parties because Plaintiff has asserted against COEI as his "employer" claims that he resolved with another "employer" with which COEI was arguably jointly and severally liable. For these reasons, this Court should approve the release contained in Paragraph 5. Conversely, the language in Paragraph 6 is not key to the Parties' settlement; and therefore, it can be severed. In short, Defendant, COEI, LLC, respectfully asks that this Court approve the proposed settlement and dismiss this case *with prejudice*.

Respectfully submitted this 24th day of January 2020.

> */s/ John C. Getty*
> Jennifer Fowler-Hermes
> Florida Bar No. 0127442
> jfowler-hermes@williamsparker.com
> John C. Getty
> Florida Bar No. 1013911
> jgetty@williamsparker.com
> WILLIAMS PARKER HARRISON
>   DIETZ & GETZEN
> 200 South Orange Avenue
> Sarasota, Florida 34236
> T: 941-366-4800
> F: 941-954-3172
>
> *Counsel for Defendant, COEI, LLC*

5415437.v4