UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JESUS MARTINEZ-RODRIGUEZ,

      Plaintiff,

v.                                    Case No:   6:19-cv-1340-Orl-41GJK

COEI, LLC,

      Defendant.

_____

## REPORT AND RECOMMENDATION

This Fair Labor Standards Act ("FLSA") case is before the Court on the parties' Joint Motion for Settlement Approval and Entry of Order of Dismissal (Doc 21). After due consideration I respectfully recommend that the motion be denied.

## I. Background

Plaintiff Jesus Martinez Rodriguez alleges that he worked for Defendant COEI, LLC as a delivery driver from approximately February 1, 2018 to February 26, 2019 (Doc. 1, ¶¶ 6-7). Plaintiff's regular rate of pay was $105 per day (Id., ¶ 8). Plaintiff claims that he worked approximately 42 hours per week and that he was not paid overtime (Id., ¶¶ 10-11). His one count complaint seeks an unspecified amount of overtime, together with liquidated damages, attorney's fees and costs (Id., at 4). Plaintiff failed to answer the Court's interrogatory asking him for his total amount claimed (Doc. 14, ¶ 7(e)). Defendant denies liability and affirmatively alleges, among other things, that Plaintiff's claims were extinguished in a prior Department of Labor proceeding, Defendant was not Plaintiff's employer at all relevant times, and Plaintiff has been paid in full for his labor (Doc. 8). The

parties have negotiated a compromise and settlement of Plaintiff's claim and now seek

Court approval of their settlement agreement (Doc. 21).

## II. Legal Standard

"The principal congressional purpose in enacting the Fair Labor Standards Act of

1938 was to protect all covered workers from substandard wages and oppressive working

hours, 'labor conditions [that are] detrimental to the maintenance of the minimum

standard of living necessary for health, efficiency and general well-being of workers.'"

Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (alteration in original)

(quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or

section 207 of [the FLSA] shall be liable to the employee or employees affected in the

amount of their unpaid minimum wages, or their unpaid overtime compensation, and in an

additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206

establishes the federally-mandated minimum hourly wage, and § 207 prescribes overtime

compensation of "one and one-half times the regular rate" for each hour worked in excess

of forty hours during a given workweek. The provisions of the FLSA are mandatory and

"cannot be abridged by contract or otherwise waived." Barrentine, 450 U.S. at 740. To

permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative

policies it was designed to effectuate." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S.

697, 707 (1946)).

The parties seek judicial review and a determination that their settlement of

Plaintiff's FLSA claim is a "fair and reasonable resolution of a bona fide dispute" over

FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55

(11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the

only other route for compromise of FLSA claims is provided in the context of suits brought

directly by employees against their employers under § 216(b) to recover back wages for

FLSA violations. "When employees bring a private action for back wages under the FLSA,

and present to the district court a proposed settlement, the district court may enter a

stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing

Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)). "Settlements may be permissible in the

context of a suit brought by employees under the FLSA for back wages because initiation

of the action by the employees provides some assurance of an adversarial context." Id. at

1354. In adversarial cases:

> The employees are likely to be represented by an attorney
> who can protect their rights under the statute. Thus, when the
> parties submit a settlement to the court for approval, the
> settlement is more likely to reflect a reasonable compromise
> of disputed issues than a mere waiver of statutory rights
> brought about by an employer's overreaching. If a settlement
> in an employee FLSA suit does reflect a reasonable
> compromise over issues, such as FLSA coverage or
> computation of back wages that are actually in dispute; we
> allow the district court to approve the settlement in order to
> promote the policy of encouraging settlement of litigation.

Id.

In determining whether a settlement is fair and reasonable, the Court considers the

following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the

complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings

and the amount of discovery completed; (4) the probability of plaintiffs' success on the

merits; (5) the range of possible recovery; and (6) the opinions of counsel." Hamilton v.

Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8,

2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing

Cotton v. Hinton, 559 F.2d 1331 (5th Cir. 1977)).

### III. Discussion

Defendant has agreed to pay Plaintiff $250 as wages and an additional $250 as liquidated damages (Doc. 21, at 3). Defendant will also pay Plaintiff's lawyer $3,000 for fees and costs (Id.). In return, Plaintiff has agreed to provide a release and what I characterize as an estoppel, both of which are discussed below.

The parties are represented by counsel and Plaintiff and his lawyer both believe "the settlement reached in this matter is a good outcome for Plaintiff." (Id.). The parties represent that there are bona fide disputes in the case including whether Plaintiff worked in excess of 40 hours per week and the amount, if any, he is owed (Id.). Additionally, Defendant represents that Plaintiff previously executed a "Receipt for Payment of Back Wages, Liquidated Damages, Employment Benefits, or Other Compensation" in a proceeding overseen by the Department of Labor that involved some of the same claims brought in this case (Doc. 23, at 4). Defendant asserts that if this case goes to trial, it will show that Plaintiff received full compensation from another employer for any FLSA claims he has that arose on or before October 2018 (Id.). These defenses provide a basis for Plaintiff to compromise and settle his claim.

What concerns me is the breadth of the release to be given by Plaintiff. It includes unidentified persons and entities who are not parties to this case, who were not identified in Defendant's Certificate of Interested Persons (Doc. 13), whose identities have never been disclosed, who have not signed the settlement agreement, and who, as far as I can tell, are not providing any consideration to Plaintiff. Having practiced law for more than 20 years before going on the bench, I appreciate the custom and practice of conditioning settlements upon the delivery of broad general releases. But this is not an ordinary civil case. Here, the Court is charged with the responsibility to determine the fairness and

reasonableness of the settlement. I don't know how the Court can discharge its obligation if it doesn't know who is being released. I also wonder whether Plaintiff knows who he will be releasing if this settlement agreement is approved.

Defendant argues that the release language used in the agreement should be approved in part because the definition of "employer" in the FLSA is broad (Doc. 23 at 2).

> "Employer" includes any person acting directly or indirectly in the interest of an employer in relation to an employee and includes a public agency but does not include any labor organization (other than when acting as an employer), or anyone acting in the capacity of officer or agent of such an organization.

29 U.S.C. § 203(d). Defendant also contends that because the Department of Labor action was followed by this lawsuit it has "a reasonable fear that Plaintiff might decide to file another lawsuit for the ostensibly settled FLSA claims if the Settlement Agreement was limited to COEI as the named defendant." (Doc. 23, at 4). I am not unsympathetic but, as I explain below, Defendant is not without a better remedy.

The Court is aware that the appropriate scope of releases in FLSA settlement agreements is a matter upon which the judges in this district are not altogether in agreement. Shearer v. Estep Constr., Inc., 6:14-cv-1658-Orl-41GJK, 2015 WL 2402450, at *3 (M.D. Fla. May 20, 2015). Shearer concerned the breadth of the claims being released, not who would benefit from the release. Id. There, this Court observed:

> In Moreno v. Regions Bank, the parties sought judicial approval of their settlement agreement, which purported to settle the plaintiff's FLSA claim and required that the plaintiff waive "any and all claims of any nature whatsoever ... known or unknown." 729 F. Supp. 2d at 1346-47. United States District Judge Steven D. Merryday held that such a release was unfair and declined approval. Id. at 1352-53. Particularly, Judge Merryday noted that "[a]n employee who executes a broad release effectively gambles, exchanging unknown rights for a few hundred or a few thousand dollars to which he is

> otherwise unconditionally entitled." Id. at 1351. Judge
> Merryday further observed that such releases are incapable of
> valuation and unfairly leverage the employee's FLSA claim to
> effect a release of non-FLSA claims. Id. at 1351-52. In Bright
> v. Mental Health Resource Center, Inc., United States District
> Judge Roy B. Dalton made similar observations: (1) such
> general releases provide a windfall to employers "should
> some unknown claim accrue to the employee at a later time,"
> and (2) "the indeterminate nature of general releases also
> prevents the Court from being able to evaluate the claims that
> have been waived by employees, thereby making a fairness
> determination difficult if not impossible." 2012 WL 868804, at
> *4. Judge Dalton held that "[p]ervasive, overly broad releases
> have no place in settlements of most FLSA claims." Id.

Id. at *3.

This Court determined that the broad general release in Shearer precluded a

fairness determination because it was not possible to value the unknown claims being

released. Id. And, the Court concluded that without "any guidance regarding the

probability or the value of the released claims; ... the Court cannot determine, within any

reasonable degree of certainty, the expected value of such claims. Therefore, the release

precludes a fairness determination." Id.

The release in this case is limited to claims for:

> unpaid compensation or wages of any kind, including without
> limitation, unpaid wages, overtime, unpaid minimum wages,
> bonuses, commissions, or incentive payments of any kind;
> any and all claims under the Fair Labor Standards Act
> ("FLSA"), including claims for back pay or liquidated damages;
> all rights and benefits under state wage laws, including Article
> X, § 24 of the Florida Constitution and FLA. STAT. § 448.110,
> and all claims for attorneys' fees, costs and interest ….

(Doc. 21-1, ¶ 5). This language could be a lot tighter and Defendant has now proposed

the following alternative which is an improvement:

> In return for the various promises included in this document,
> Plaintiff releases and fully discharges Defendant, COEI, LLC,

> and any of its parents, predecessors, subsidiaries, affiliates,
> and their past and present directors, officers, shareholders,
> members, employees, agents, insurers, and attorneys both
> individually and in their capacities as directors, officers,
> shareholders, members, employees, agents, insurers, and
> attorneys (the "Released Parties") from all claims brought in
> the Lawsuit, including any claims for unpaid compensation,
> liquidated damages, interest, attorney's fees, or litigation
> expenses associated with the Lawsuit.

(Doc. 23, at 5).

But I am still concerned that the Court, and Plaintiff, don't know who is being

released. The same concerns the Court voiced about the broad release of claims applies

to the release of unknown nonparties. How does the Court value a release if it doesn't

know who is being released?

Defendant believes a judicial policy prohibiting the limited release of non-parties in

FLSA cases would be unsound (Doc. 23, at 4). It argues that such a limitation could

incentivize former employees "to churn frivolous or marginal claims into repeated

settlements because the economies of such litigation do not favor defendants who are

jointly and severally liable." (Id.). One way to address this concern would be to identify by

name in the release, the non-parties being released, and then explain to the Court who

they are and why they are appropriately included. Without this information I cannot

recommend approval of the parties' settlement agreement.

My other concern with the parties' settlement agreement was paragraph six, in

which Plaintiff acknowledged and affirmed that,

> other than the claims asserted in the Lawsuit--he has not
> suffered or sustained any unreported workplace injuries,
> damages, or other claims of any kind during the course
> and scope of his employment with COEI. Plaintiff further
> acknowledges and represents that, after careful
> consideration, he is not aware of any other facts or

- 7 -

> circumstances that support any additional statutory or
> common law claims against COEI.

(Doc. 21-1, ¶ 6). Defendant consents to this language being severed and removed from

the settlement agreement (Doc. 23, at 5-6).

## IV. Recommendation

Upon consideration of the foregoing, I respectfully recommend that the parties'

motion to approve their settlement agreement be denied with leave to amend. If the

parties are in agreement, they may expedite this process by filing notices of no objection

to this Report and Recommendation.

## V. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and

Recommendation's factual findings and legal conclusions. A party's failure to file written

objections waives that party's right to challenge on appeal any unobjected-to factual

finding or legal conclusion the district judge adopts from the Report and

Recommendation. See 11th Cir. R. 3-1.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on February 13, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record
Any Unrepresented Parties