ALL-STATE LEGAL
EXHIBIT
1

## REVISED SETTLEMENT AGREEMENT, WAIVER, AND RELEASE

This Revised Settlement Agreement, Waiver, and Release ("Agreement") is made between Plaintiff, Jesus Martinez Rodriguez ("Plaintiff"), and Defendant, COEI, LLC.

### RECITALS

**WHEREAS**, Plaintiff filed a lawsuit against COEI, styled *Jesus Martinez Rodriguez v. COEI, LLC*, Case No. 6:19-cv-01340-CEM-GJK, pending in the United States District Court for the Middle District of Florida (Orlando Division), seeking allegedly unpaid compensation, liquidated damages, and attorney's fees and costs (the "Lawsuit");

**WHEREAS**, COEI denies the allegations in the Lawsuit;

**WHEREAS**, Plaintiff and COEI, without any admission of liability or damages, mutually desire to settle their differences with finality and seek to extinguish and release any and all suits, claims, demands, or rights, known or unknown, which might have been asserted by Plaintiff as set forth below.

**NOW, THEREFORE**, in consideration of the mutual promises and agreements set out herein, Plaintiff and COEI agree as follows:

1. **Consideration Paid To Plaintiff:** In exchange for and as consideration for Plaintiff's release of claims raised in the Lawsuit and execution of this Agreement, and for the dismissal with prejudice of the Lawsuit, COEI agrees to pay Plaintiff the gross amount of Three Thousand, Five Hundred and No/100 Dollars ($3,500.00) for all claims, inclusive of fees and costs, which will be paid as follows:

    (a) a check made payable to Jesus Martinez Rodriguez in the amount of Two-Hundred Fifty and No/100 Dollars ($250.00), minus applicable deductions as required by law, will be attributable to payment of unpaid wages/overtime;

    (b) a check made payable to Jesus Martinez Rodriguez in the amount of Two-Hundred Fifty and No/100 Dollars ($250.00), will be attributable to payment of liquidated damages; and

    (c) a check for Three Thousand and No/100 Dollars ($3,000.00), made payable to the Leach Law Firm, which amount will be attributable to payment for Plaintiff's attorney's fees and costs.

Plaintiff acknowledges that, upon receipt of the settlement checks identified above, he has been properly and fully paid for all scheduled and unscheduled hours worked.

Plaintiff and COEI acknowledge and affirm that the portion of the above consideration attributable to attorney's fees and costs was negotiated separately from and without regard to the amounts Plaintiff sought for unpaid wages and liquidated damages. Plaintiff and COEI specifically are aware of, and agree with, the amount of

attorney's fees and costs to be paid to Plaintiff's counsel for representing Plaintiff's interests in this matter.

A W-2 will be issued to Plaintiff for all amounts attributable to wages (such payment is considered supplemental wages and will be taxed in accordance with Treas. Reg. § 31.3402(g)-1(a)(6)(ii)), and an IRS Form 1099 will be issued to Plaintiff for liquidated damages and attorney's fees. An IRS Form 1099 will be issued to the Leach Law Firm for attorney's fees and costs. Plaintiff agrees to provide an updated W-4 along with a W-9 to COEI, and Plaintiff agrees to cause a W-9 on behalf of his attorneys to be sent to COEI.

2.  **Tax Liability and Indemnity:** Plaintiff agrees that he will be liable for all taxes which may be due as a result of the consideration received from paragraph 1(b) and (c) of the settlement of his disputed claims as set forth in this Agreement. Plaintiff will indemnify, defend, and hold harmless to the full extent allowed by law or equity, COEI, LLC, from and against any and all liabilities, penalties, costs, and expenses of any type, kind, or nature, arising from or related to taxation or deductions from the amounts being paid in connection with this Agreement or any failure to properly report and/or pay taxes upon amounts paid to Plaintiff or Claimants, respectively, that are reported on an IRS Form 1099. Plaintiff will not be liable for COEI, LLC's failure to pay their own tax liability, if any.

3.  **Exclusive Authority:** Plaintiff represents and warrants that no person other than herself had or has any claims to any interest in the subject matter of his allegations against COEI; that he has the sole right and exclusive authority to execute this Agreement; and that he has not sold, assigned, transferred, conveyed or otherwise disposed of any claim or demand relating to any matter covered by this Agreement, except as may relate to his fee agreement with his attorney.

4.  **No Admission of Liability:** Plaintiff acknowledges that COEI denies any liability whatsoever with respect to the claims made by Plaintiff. In accepting payment in consideration for this Agreement, Plaintiff agrees that such payment is tendered and accepted to resolve all his pending issues relating to his unpaid wages with COEI, and that this will not be construed as an admission by COEI of any violation of contract, duty, law, ordinance, regulation or any other theory of relief, whether under any federal, state or local law.

5.  **Release of Claims in Exchange for Payments:** In return for the various promises included in this document, Plaintiff releases and fully discharges Defendant, COEI, LLC, from all claims brought in the Lawsuit, including any claims for unpaid compensation, liquidated damages, interest, attorney's fees, or litigation expenses associated with the Lawsuit.

6.  **Timing of Settlement Payments:** There shall be no responsibility to

tender the consideration outlined in Provision 1 above on behalf of COEI, until ten (10) days after: (a) COEI's counsel receives notice that the Court has issued approval of the proposed settlement and this Agreement; and (b) the necessary tax forms for Plaintiff and his counsel, outlined in paragraph 1 above, are provided to COEI. Plaintiff's counsel will be solely responsible for distribution of the settlement checks in this matter.

7. **Cooperation:** The Parties to this Agreement agree to cooperate fully and execute any supplemental documents and to take any additional actions which may be necessary or appropriate to give full effect to the terms and intent of this Agreement.

8. **Knowing and Voluntary (Plaintiff):** Plaintiff understands and acknowledges that he will receive compensation beyond that which he was already entitled to receive before entering into this Agreement, and to which COEI disputed his entitlement. He further acknowledges that he is entering into this Agreement freely, knowingly, and voluntarily with a full understanding of its terms and conditions.

9. **Parties Represented by Counsel:** This Agreement has been jointly negotiated. The language of this Agreement shall be construed as a whole according to its fair meaning and not strictly for or against any Party. Each Party specifically waives the application of the common law doctrine that agreements are to be construed against the Party who drafted the Agreement.

10. **Governing Law:** The terms of this Agreement will be construed in accordance with the laws of the State of Florida. Each of the undersigned parties hereby consents to the personal jurisdiction of the United States District Court for the Middle District of Florida, for purposes of any action to enforce, or for breach of, this Agreement. Florida law shall also govern any non-contractual issues that may arise.

11. **Enforcement of Agreement:** The parties agree that before beginning any action to enforce any of the provisions of this Agreement they will provide thirty (30)-days' prior written notice to the other party. The parties further agree that the proper venue for any action to enforce this Agreement is the courts with jurisdiction over Sarasota County, Florida.

12. **Waiver of Jury Trial.** TO THE EXTENT PERMITTED BY LAW, IN THE EVENT OF A DISPUTE BETWEEN THE PARTIES, PLAINTIFF AND COEI ELECT TO HAVE A JUDGE RATHER THAN A JURY RESOLVE ANY FUTURE DISPUTES AND WAIVE A TRIAL BY JURY OF ANY AND ALL ISSUES ARISING IN ANY ACTION OR PROCEEDING RELATING TO THIS AGREEMENT. THE PARTIES UNDERSTAND THAT THE RIGHT TO A TRIAL BY JURY IS A CONSTITUTIONAL RIGHT AND THAT THIS ELECTION TO HAVE A JUDGE DETERMINE ANY CLAIM, RATHER THAN A JURY, IS A VOLUNTARY CHOICE.

13. **Attorneys' Fees:** In the event that either party institutes legal action to enforce any of the provisions of this Agreement, costs and reasonable attorney's fees

shall be awarded to the prevailing party.

14.   **Non-Assignment:** This Agreement shall not be assignable or transferable by Plaintiff.

15.   **Modification:** This Agreement cannot be modified except in writing.

16.   **Severability:** If any provision of this Agreement other than paragraphs 1 and 5 or the application of any provision other than paragraphs 1 and 5 is held invalid, such invalidation shall not affect other provisions or application of this Agreement and to this end the provisions of this Agreement are declared severable provided the intent of the Agreement can still be fulfilled by the Parties.

17.   **Entire Agreement:** This Agreement constitutes and contains the entire agreement and understanding concerning the settlement of Plaintiff's claims against COEI and the other subject matters addressed between the parties, and supersedes and replaces all prior negotiations and all agreements proposed or otherwise, whether written or oral, concerning the subject matter of this Agreement. This is an integrated document.

18.   **Execution:** This Agreement may be executed in counterparts. An executed version of this Agreement, if transmitted by electronic means as provided for under Florida law, will be effective and binding as if it were the originally executed document.

03/10/20
(Date)

_Jesus Martinez Rodriguez_
JESUS MARTINEZ RODRIGUEZ

3/13/20
(Date)

By: _____
MR. PETER SCHOTTMILLER
*As Authorized Representative*
COEI, LLC

5405370.v1

4