UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JESUS MARTINEZ-RODRIGUEZ,

      Plaintiff,

v.                                 Case No:   6:19-cv-1340-Orl-41GJK

COEI, LLC,

      Defendant.

_____

## REPORT AND RECOMMENDATION

     This Fair Labor Standards Act ("FLSA") case is before the Court on the parties'
Amended Joint Motion for Settlement Approval and Entry of Order of Dismissal (Doc 26).
After due consideration I respectfully recommend that the motion be granted.

## I. Background

     Plaintiff Jesus Martinez Rodriguez alleges that he worked for Defendant COEI,
LLC as a delivery driver from approximately February 1, 2018 to February 26, 2019 (Doc.
1, ¶¶ 6-7). Plaintiff's regular rate of pay was $105 per day (Id., ¶ 8). Plaintiff claims that he
worked approximately 42 hours per week and that he was not paid overtime (Id., ¶¶ 10-
11). His one count complaint seeks an unspecified amount of overtime, together with
liquidated damages, attorney's fees and costs (Id., at 4). Plaintiff failed to answer the
Court's interrogatory asking him for his total amount claimed (Doc. 14, ¶ 7(e)). Defendant
denies liability and affirmatively alleges, among other things, that Plaintiff's claims were
extinguished in a prior Department of Labor proceeding, that Defendant was not Plaintiff's
employer at all relevant times, and that Plaintiff has been paid in full for his labor (Doc. 8).

     After negotiating a settlement of Plaintiff's claim, the parties submitted their

proposed settlement agreement for the Court's approval (Doc. 21). On review, I had two concerns with the parties' agreement. First was the breadth of the release given by Plaintiff, and second was a paragraph that appeared to create an estoppel in favor of Defendant (Doc. 24). The parties agreed to modify the release language and delete the estoppel, but I was still concerned that the release was too broad (Doc. 23). Consequently, I submitted a Report and Recommendation that the Court reject the parties' settlement (Doc. 24). The Court agreed with me and denied approval of the agreement (Doc. 25). The case is now back before the Court on the parties' Revised Settlement Agreement, Waiver, and Release (Doc. 26-1).

## II. Legal Standard

"The principal congressional purpose in enacting the Fair Labor Standards Act of 1938 was to protect all covered workers from substandard wages and oppressive working hours, 'labor conditions [that are] detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers.'" Barrentine v. Ark.-Best Freight Sys., Inc., 450 U.S. 728, 739 (1981) (alteration in original) (quoting 29 U.S.C. § 202(a)). "Any employer who violates the provisions of section 206 or section 207 of [the FLSA] shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Section 206 establishes the federally-mandated minimum hourly wage, and § 207 prescribes overtime compensation of "one and one-half times the regular rate" for each hour worked in excess of forty hours during a given workweek. The provisions of the FLSA are mandatory and "cannot be abridged by contract or otherwise waived." Barrentine, 450 U.S. at 740. To permit otherwise would "'nullify the purposes' of the [FLSA] and thwart the legislative

policies it was designed to effectuate." Id. (quoting Brooklyn Sav. Bank v. O'Neil, 324 U.S. 697, 707 (1946)).

The parties seek judicial review and a determination that their settlement of Plaintiff's FLSA claim is a "fair and reasonable resolution of a bona fide dispute" over FLSA issues. See Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1354-55 (11th Cir. 1982). If a settlement is not one supervised by the Department of Labor, the only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employers under § 216(b) to recover back wages for FLSA violations. "When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." Id. at 1353 (citing Schulte, Inc. v. Gangi, 328 U.S. 108 (1946)). "Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context." Id. at 1354. In adversarial cases:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Id.

In determining whether a settlement is fair and reasonable, the Court considers the following factors: "(1) the existence of fraud or collusion behind the settlement; (2) the

complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of counsel." Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 WL 328792, at *2 (M.D. Fla. Jan. 8, 2007). There is a "'strong presumption' in favor of finding a settlement fair." Id. (citing Cotton v. Hinton, 559 F.2d 1331 (5th Cir. 1977)).

### III. Discussion

Defendant has agreed to pay Plaintiff $250 as wages and an additional $250 as liquidated damages (Doc. 26-1, ¶ 1). Defendant will also pay Plaintiff's lawyer $3,000 for fees and costs (Id.). In return, Plaintiff will release and discharge "Defendant, COEI, LLC, from all claims brought in the Lawsuit, including any claims for unpaid compensation, liquidated damages, interest, attorney's fees, or litigation expenses associated with the Lawsuit." (Id., ¶ 5). This release is sufficiently narrow to withstand scrutiny.

The docket does not reflect any badges of fraud, and the parties are represented by lawyers of their own choosing who believe they have had access to sufficient information to negotiate a fair and reasonable settlement of this controversy (Doc. 26 at 7). The lawyers agree that protracted litigation is likely if the case does not settle and that this settlement is fair and reasonable (Id., at 8). Additionally, Defendant represents that Plaintiff previously executed a "Receipt for Payment of Back Wages, Liquidated Damages, Employment Benefits, or Other Compensation" in a proceeding overseen by the Department of Labor that involved some of the same claims brought in this case (Doc. 23 at 4). Defendant asserts that if this case goes to trial, it will show that Plaintiff received full compensation from another employer for any FLSA claims he has that arose

on or before October 2018 (Id.). These defenses provide a basis for Plaintiff to

compromise and settle his claim.

Where there is a compromise of the amount due to the plaintiff, the Court should

decide the reasonableness of the attorney's fees provision under the parties' settlement

agreement using the lodestar method as a guide. In such a case, any compensation for

attorney's fees beyond that justified by the lodestar method is unreasonable unless

exceptional circumstances would justify such an award. Alternatively, in Bonetti v.

Embarq Management Co., 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009), the Honorable

Gregory A. Presnell held:

> [I]f the parties submit a proposed FLSA settlement that, (1)
> constitutes a compromise of the plaintiff's claims; (2) makes full and
> adequate disclosure of the terms of settlement, including the factors
> and reasons considered in reaching same and justifying the
> compromise of the plaintiff's claims; and (3) represents that the
> plaintiff's attorneys' fee was agreed upon separately and without
> regard to the amount paid to the plaintiff, then, unless the
> settlement does not appear reasonable on its face or there is
> reason to believe that the plaintiff's recovery was adversely affected
> by the amount of fees paid to his attorney, the Court will approve
> the settlement without separately considering the reasonableness
> of the fee to be paid to plaintiff's counsel.

Judge Presnell maintained that if the matter of attorney's fees "[is] addressed

independently and seriatim, there is no reason to assume that the lawyer's fee has

influenced the reasonableness of the plaintiff's settlement." Id. Thus, if the parties

represent that they negotiated the net settlement proceeds plaintiff will receive separately

and apart from the amount of attorney's fees and costs plaintiff's counsel will receive, it is

not necessary for the Court to determine the reasonableness of fees under the lodestar

method. Here, the parties agree that the "attorney's fees and costs were negotiated

separately from and without regard to the amounts Plaintiff sought for unpaid wages and

liquidated damages." (Doc. 26-1, ¶ 1). This is sufficient to satisfy the holding in <u>Bonetti</u>.

My sole concern with the parties' settlement is the following sentence in paragraph 10: "Each of the undersigned parties hereby consents to the personal jurisdiction of the United States District Court for the Middle District of Florida, for purposes of any action to enforce, or for breach of, this Agreement." (<u>Id.</u>, ¶ 10). If a party breaches the settlement agreement, then it is almost certain this Court will not have jurisdiction. Even if the parties are diverse (I don't know if they are), it is hard to imagine how this Court would have jurisdiction. In addition to the issue of diversity of the parties, the claim would almost certainly be for breach of contract, and it is unlikely the damages would exceed $75,000. Therefore, and because the Court should not purport to confer jurisdiction where none exists, I recommend this sentence be stricken from the settlement agreement. The agreement includes a severability clause pursuant to which this modification can be made (<u>Id.</u>, ¶16).

## IV. Recommendation

Upon consideration of the foregoing, I respectfully recommend the Court:

(1) **STRIKE** the offending language from paragraph 10 of the settlement agreement;

(2) **APPROVE** the modified agreement;

(3) **DISMISS** the case;

(4) **DIRECT** the Clerk to **CLOSE** the file.

## V. Notice to Parties

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual

- 6 -

finding or legal conclusion the district judge adopts from the Report and

Recommendation. <u>See</u> 11th Cir. R. 3-1.

If the parties do not object, they may expedite approval by filing their notices of no

objection to this Report and Recommendation.

**RESPECTFULLY RECOMMENDED** at Orlando, Florida on March 26, 2020.

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to:

Presiding United States District Judge
Counsel of Record
Any Unrepresented Parties